Anthony D. FIZER, Sr., Petitioner

v.

FEDERAL AVIATION ADMINISTRATION, Respondent

No. 16-1306
September Term, 2017

United States Court of Appeals, District of Columbia Circuit.

Filed On: December 26, 2017

Gregory Sean Winton, Esquire, Attorney, The Aviation Law Firm, Annapolis, MD, for Petitioner

Caroline Dao Lopez, Attorney, U.S. Department of Justice, (DOJ) Civil Division, Appellate Staff, Washington, DC, Charles Wylie Scarborough, U.S. Department of

Justice, (DOJ) Office of the Attorney General, Washington, DC, for Respondent

Before: Garland, Chief Judge, Pillard, Circuit Judge, and Sentelle, Senior Circuit Judge.

## JUDGMENT

Per Curiam

This petition for review was considered on the record from the Federal Aviation Administration (FAA) and on the briefs filed by the parties. See FED. R. APP. P. 34(a)(2); D.C. CIR. R. 34(j). The court has accorded the issues full consideration and determined that they do not warrant a published opinion. See D.C. CIR. R. 36(d). It is

**ORDERED AND ADJUDGED** that the petition for review be denied.

Petitioner Anthony Fizer challenges the FAA's decision to terminate his delegation as a Designated Pilot Examiner. Pursuant to the governing statute, the FAA may "rescind a delegation ... at any time for any reason the Administrator considers appropriate." 49 U.S.C. § 44702(d)(2). We have held that this language commits the substantive termination decision to agency discretion by law, and that we therefore may not review substantive challenges to termination. Sheble v. Huerta, 755 F.3d 954, 957 (D.C. Cir. 2014); Steenholdt v. FAA, 314 F.3d 633, 638-39 (D.C. Cir. 2003); see 5 U.S.C. § 701(a)(2).

As to his procedural challenges, Fizer must show both prejudice and that the FAA "fell substantially short of the applicable procedural requirements." Sheble, 755 F.3d at 957; see Lopez v. FAA, 318 F.3d 242, 248 (D.C. Cir. 2003). We need not decide whether the FAA sufficiently complied with its procedures because Fizer has made no showing of prejudice from any asserted procedural violation. He con-

tends that, if his "designee file had been properly documented, and if he had been provided oversight and management as required ..., he would have been able to adequately address any deficiencies in his [Designated Pilot Examiner] performance during the administrative appeal process concerning his termination." Pet'r Br. at 29. But he proffers no specifics and no explanation at all why that would be so. In fact, on several occasions FAA personnel notified him of various performance shortfalls. See Joint Appendix 72, 80-81, 91-92, 94, 102, 140-41. Conclusory assertions of lack of notice do not satisfy Fizer's burden to show prejudice.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See FED. R. APP. P. 41(b); D.C. CIR. R. 41.